FITZSIMMONS, Judge.
The singular issue presented in this appeal is whether the trial court is endowed with the discretion to cast an indigent plaintiff/appellant with a portion of the costs of litigation, when she had been granted a judgment of divorce by default. We reverse the trial court’s allocation of costs.
Linda W. Cage filed a petition for divorce from her husband, Christopher Cage, on the grounds that they had continuously lived separate and apart for a period exceeding six months. La. C.C. art. 103. The court rendered a judgment of divorce in favor of Mrs. Cage and against Mr. Cage. Plaintiff and defendant were cast for all court costs.
The trial court is vested with the discretion to render judgment for costs against any party, as it may consider equitable, except as otherwise provided by law. La. C.C.P. art. 1920. The case before us involves one of those exceptions. The provisions of La. C.C.P. art. 5186 unequivocally preclude the sharing of court costs by an indigent party, in whose favor judgment is rendered, pursuant to the following language:
An account shall be kept of all costs incurred by a party who has been permitted to litigate without the payment of costs, by the public officers to whom these costs would be payable. If judgment is rendered in favor of the indigent party, the party against whom the judgment is rendered shall be condemned to pay all costs due such officers, who have a privilege on the judgment superior to the rights of the indigent party or his attorney ....
*145 In this instance, the trial court abused its discretion when it cast Mrs. Cage with a portion of the court costs incurred in her pursuit of the divorce decree.[2] Accordingly, the court’s award of costs associated with the court proceedings resulting in the judgment of divorce is reversed. Defendant, Christopher Cage, is cast for all court costs associated with the divorce decree. Costs of this appeal are also assessed against the defendant, Christopher Cage.
REVERSED AND RENDERED.

. The record also contains a separate judgment awarding joint custody of the parties’ child and a restraining order against Mr. Cage; however, the court's allocation of said affiliated court costs is not before this court.